# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## DOCKETING STATEMENT--CIVIL/AGENCY CASES

**Directions:** Counsel must make a **docketing statement (civil/agency) filed** entry in CM/ECF within 14 days of docketing of the appeal, or within the due date set by the clerk's docketing notice, whichever is later. File with the entry the (1) docketing statement form with any extended answers and (2) any transcript order form. Parties proceeding pro se are not required to file a docketing statement. Opposing counsel who finds a docketing statement inaccurate or incomplete may file any objections within 10 days of service of the docketing statement using the ECF event-**docketing statement objection/correction filed**.

| | |
|---|---|
| **Appeal No. & Caption** | |
| **Originating No. & Caption** | |
| **Originating Court/Agency** | |

| **Jurisdiction** (answer any that apply) | | | |
|---|---|---|---|
| Statute establishing jurisdiction in Court of Appeals | | | |
| Time allowed for filing in Court of Appeals | | | |
| Date of entry of order or judgment appealed | | | |
| Date notice of appeal or petition for review filed | | | |
| If cross appeal, date first appeal filed | | | |
| Date of filing any post-judgment motion | | | |
| Date order entered disposing of any post-judgment motion | | | |
| Date of filing any motion to extend appeal period | | | |
| Time for filing appeal extended to | | | |
| Is appeal from final judgment or order? | | ○ Yes | ○ No |
| If appeal is not from final judgment, why is order appealable? | | | |

| **Settlement** (The docketing statement is used by the circuit mediator in pre-briefing review and mediation conducted under Local Rule 33. Counsel may make a confidential request for mediation by calling the Office of the Circuit Mediator at 804-379-4071.) | | | |
|---|---|---|---|
| Is settlement being discussed? | | ○ Yes | ○ No |

01/30/2013
SCC

| **Transcript** (transcript order must be attached if transcript is needed and not yet on file) | | | |
|---|---|---|---|
| Is transcript needed for this appeal? | ○ Yes | | ○ No |
| Has transcript been filed in district court? | ○ Yes | N/A | ○ No |
| Is transcript order attached? | ○ Yes | N/A | ○ No |

| **Case Handling Requirements** (answer any that apply) | | |
|---|---|---|
| Case number of any prior appeal in same case | | |
| Case number of any pending appeal in same case | | |
| Identification of any case pending in this Court or Supreme Court raising similar issue | | |
| | If abeyance or consolidation is warranted, counsel must file an appropriate motion. | |
| Is expedited disposition necessary? | ○ Yes | ○ No |
| | If yes, motion to expedite must be filed. | |
| Is oral argument necessary? | ○ Yes | ○ No |
| Does case involve question of first impression? | ○ Yes | ○ No |
| Does appeal challenge constitutionality of federal or state statute in case to which federal or state government is not a party | ○ Yes | ○ No |
| | If yes, notice re: challenge to constitutionality of law must be filed. | |

| **Nature of Case** (Nature of case and disposition below. Attach additional page if necessary.) |
|---|
| |

**Issues** (Non-binding statement of issues on appeal. Attach additional page if necessary)

Whether the "overwhelming community of interest" test applied by the National Labor Relations Board's Regional Director in ordering a union certification election was contrary to law.

Whether the NLRB failed to provide a reasoned explanation for its adoption of the "overwhelming community of interest" test and its repudiation of its prior legal standard.

Whether the NLRB's adoption of the "overwhelming community of interest" standard violated the Administrative Procedure Act.

Whether the NLRB's finding that the production and maintenance employees in Dreyer's facility lacked an overwhelming community of interest was supported by substantial evidence.

Whether the decision to order a union certification election among only the maintenance employees in Dreyer's facility was contrary to the law of this Court.

**Adverse Parties** (List adverse parties to this appeal and their attorneys; provide party's address if the party is not represented by counsel. Attach additional page if necessary.)

| | |
|---|---|
| Adverse Party: National Labor Relations Board<br><br>Attorney: Linda Dreeben<br>Address: 1099 14th Street, NW<br>Washington, DC 20570<br><br>E-mail: appellatecourt@nlrb.gov<br><br>Phone: 202-273-2960 | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

**Adverse Parties (continued)**

| | |
|---|---|
| Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: | Adverse Party:<br><br>Attorney:<br>Address:<br><br>E-mail:<br><br>Phone: |

| **Appellant** (Attach additional page if necessary.) ||
|---|---|
| Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |
| **Appellant (continued)** ||
| Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: | Name: <br><br> Attorney: <br> Address: <br><br><br><br> E-mail: <br><br> Phone: |

**Signature:** _____    **Date:** _____

**Counsel for:** _____

| **Certificate of Service**: I certify that on _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below (Attach additional page if necessary): ||
|---|---|
|  |  |
| Signature: | Date: |

**Nature of Case**

In December 2011, the National Labor Relations Board directed that a union certification election proceed among the 113 maintenance department employees in a Nestlé Dreyer's Ice Cream Co. (Dreyer's) facility. Dreyer's objected to the narrowness of the unit as sought by the union, arguing that the nearly 600 production employees in the facilty should also be permitted to vote in the union election. In rejecting Dreyer's objection, the Board relied on its "overwhelming community of interest" test, which holds that any bargaining unit selected by a union is appropriate unless an employer can show that employees excluded from the unit share an "overwhelming community of interest" with employees in the unit proposed by the union.

In order to secure judicial review of this decision (as Board decisions directing elections are not directly reviewable in the court of appeals), Dreyer's refused to bargain with the union following the election. In May 2012, the Board ruled that the refusal to bargain was unlawful. The Board justified its ruling by reference to its 2011 decision in *Specialty Healthcare Inc.*, 357 NLRB No. 83, in which the Board articulated its "overwhelming community of interest" test. Dreyer's petitioned this court for review, raising its objections to the Board standard as well as the Board's lack of a constitutional quorum in May 2012.

Following the Supreme Court's decision in *Noel Canning v. NLRB*, this Court vacated the Board's decision on the quorum issue and remanded the case to the Board. On November 5, 2014, the Board, now with a quorum, again ruled that Dreyer's failure to bargain was unlawful.